1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DAVID FISHER,

11              Petitioner,              No. 2:12-cv-2016 EFB P

12        vs.

13    STEVE CAMBRA,

14              Respondent.              <u>ORDER</u>

15    _____/

16         Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to

17    28 U.S.C. § 2254.  Petitioner seeks leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a).

18    Petitioner, however, has already paid the filing fee.  The motion to proceed *in forma pauperis*

19    will therefore be denied as unnecessary.

20         A district court must entertain a habeas petition "in behalf of a person in custody

21    pursuant to the judgment of a State court only on the ground that he is in custody in violation of

22    the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A judge

23    entertaining a habeas petition "shall forthwith award the writ or issue an order directing the

24    respondent to show cause why the writ should not be granted, unless it appears from the

25    application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  The

26    petition must be dismissed if on initial review the court finds that "it plainly appears from the

petition and any attached exhibits that the petitioner is not entitled to relief in the district court."
Rule 4, Rules Governing § 2254 Proceedings.  Here, petitioner's application for a writ of habeas
corpus must be dismissed with leave to amend.  *See* Rule 4, Rules Governing § 2254 Cases
(requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly
appears "that the petitioner is not entitled to relief in the district court").

The court requires all petitions for writ of habeas corpus be filed on the proper form
which is provided by this court.  E.D. Cal. Local Rule 190(b); *see also* Rule 2(c)-(d), Rules
Governing Section § 2254 Cases.  While petitioner submitted the proper form, the majority of
the form was left blank.  To proceed with this action petitioner must complete the court's form
for application for writ of habeas corpus.

Moreover, an application for federal habeas relief must specify all grounds for relief,
state facts supporting each ground and state the relief requested.  Rule 2, Rules Governing
§ 2254 Cases.  While under Ninth Circuit precedent, this court must liberally construe the
allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th
Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any
specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20,
26 (9th Cir. 1994).  The instant petition violates Rule 2 of the Rules Governing  § 2254 Cases.
As drafted, the court cannot determine the specific grounds for relief, and which facts, if any
support each ground for relief.

Accordingly, it is ORDERED that:

1. Petitioner's motion to proceed *in forma pauperis* is denied as unnecessary.

2. Petitioner's petition for writ of habeas corpus is dismissed with leave to amend.

3. Petitioner has 30 days from the date of this order to file an amended petition for a writ
of habeas corpus curing the deficiencies identified in this order.  The petition must bear the
docket number assigned to this action and be styled, "First Amended Petition."  The petition

////

must also be complete in itself without reference to any prior petition.  Failure to comply with this order will result in dismissal.

      4.  The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated:  August 10, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE